**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Suzanne Hale, et al., | ) | No. CV-18-03597-PHX-SPL |
| | ) | |
| Plaintiffs, | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| Norcold Incorporated, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the Court is Norcold Incorporated, Thetford Corporation, and Dyson-Kissner-Moran Corporation (together, the "Defendants") Motion to Dismiss Fraudulent Concealment Claim and to Dismiss Complaint Pursuant to Rule 8, or Alternatively, Motion to Strike (the "Motion"). (Doc. 5) The Motion was fully briefed on November 27, 2018. (Docs. 12, 14) The Court's ruling is as follows.

## I. Background

On or about September 4, 2010, Suzanne and Jerry Hale (together, the "Plaintiffs") purchased from a third party a recreational vehicle ("RV") that came equipped with a Norcold 1200 gas absorption refrigerator ("Refrigerator"). (Doc. 1-3 at 41−42) Norcold Incorporated ("Norcold") is a corporation whose stock is owned entirely by Thetford Corporation ("Thetford") and Dyson-Kissner-Moran Corporation ("DKM").[1] (Doc 1-3 at

---

[1] The Plaintiffs allege that Norcold is a division or wholly-owned subsidiary of Thetford, and that Norcold and Thetford are divisions or wholly-owned subsidiaries of DKM. (Doc. 1-3 at 5) DKM controls, markets, and receives the profits of Norcold and Thetford. (Doc. 1-3 at 6−10) The Plaintiffs thus allege that Norcold and Thetford are alter-

5) The Refrigerator in the Plaintiffs' RV was manufactured by the Defendants on February 12, 2006, and installed in the RV thereafter. (Doc. 1-3 at 41−42)

On the morning of September 29, 2016, Plaintiffs' RV was parked in Dewey, Arizona with neither Plaintiff inside. (Doc. 1-3 at 42) Shortly after 9:30 a.m., Jerry Hale saw the RV on fire with flames coming from the top refrigerator vent on the roof. (Doc. 1-3 at 42) The fire destroyed the RV and most of Plaintiffs' personal property. (Doc. 1-3 at 42) On January 20, 2017, an inspection of the RV revealed burn patterns on the Refrigerator consistent with the fire originating from a leak in the Refrigerator's boiler tube. (Doc. 1-3 at 45) The results of another inspection on July 26−28, 2017, were consistent with the fire having been caused by defective boiler tube design and a corrosion defect in the Refrigerator. (Doc. 1-3 at 46−47) Since at least 1997, the Defendants have designed, manufactured, and sold gas absorption refrigerators such as the one in the Plaintiffs' RV. (Doc. 1-3 at 11) The Plaintiffs allege that the Defendants concealed and misrepresented defects in their refrigerators to customers and federal regulators in a variety of ways between 1999 and 2012. (Doc. 1-3 at 26−39)

On July 16, 2018, the Plaintiffs filed a complaint (the "Complaint") (Doc. 1-3) in Maricopa County Superior Court with claims against the Defendants for strict liability due to design defect, strict liability due to failure to warn, negligence, negligence due to post-sale duty to warn, negligence per se, negligence due to post-sale duty to conduct adequate recall/retrofit, and fraudulent concealment. (Doc. 1-2 at 1; Doc. 1-3 at 56−66) On October 30, 2018, the Defendants removed the case to this Court based on diversity jurisdiction. (Doc. 1-1 at 1) On November 5, 2018, the Defendants filed the Motion seeking to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6), 9(b), 8, and 12(f). (Doc. 5 at 1)

## II. Legal Standard

To survive a FRCP 12(b)(6) motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" such that the

---

egos of DKM, operating as a single entity. (Doc. 1-3 at 10)

defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The Court may dismiss a complaint for failure to state a claim under FRCP 12(b)(6) for two reasons: (1) lack of a cognizable legal theory, and (2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacificia Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In deciding a motion to dismiss, the Court must "accept as true all well-pleaded allegations of material fact, and construe them in the light most favorable to the non-moving party." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). In comparison, "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences" are not entitled to the assumption of truth, and "are insufficient to defeat a motion to dismiss for failure to state a claim." *Id.*; *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010). A plaintiff need not prove the case on the pleadings to survive a motion to dismiss. *OSU Student All. v. Ray*, 699 F.3d 1053, 1078 (9th Cir. 2012).

### III. Analysis

#### A. <u>Dismissal of Fraudulent Concealment Claim Under FRCP 9(b)</u>

A motion to dismiss a complaint or claim "grounded in fraud" under FRCP 9(b) for failure to plead with particularity is the functional equivalent of a motion to dismiss under FRCP 12(b)(6) for failure to state a claim. *Blue Cross of California Inc. v. Insys Therapeutics Inc.*, 2019 WL 2099945, at 7 (D. Ariz. May 14, 2019) (citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003)). Under FRCP 9(b), a claim alleging fraud must "state with particularity the circumstances constituting fraud. . . ." Fed. R. Civ. P. 9(b). "[A]llegations of fraud must be 'specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'" *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (quoting *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993)). An allegation of fraud must be accompanied by "the who, what, when, where, and how" of the misconduct charged. *Vess*, 317 F.3d at 1106 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir.

3

1997)).  When a claim within a complaint is grounded in fraud and the claimant fails to meet the FRCP 9(b) standard for that claim, the claim may be dismissed. *Vess*, 317 F.3d at 1107.

The Defendants argue that the Plaintiffs have failed to meet the FRCP 9(b) standard for their fraudulent concealment claim. (Doc. 5 at 2−4)  Under Arizona law, a fraudulent concealment claim transpires when "[o]ne party to a transaction who by concealment or other action intentionally prevents the other from acquiring material information is subject to the same liability to the other, for pecuniary loss as though he had stated the nonexistence of the matter that the other was thus prevented from discovering." *Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Local No. 395 Pension Tr. Fund*, 38 P.3d 12, 34 (Ariz. 2002) (quoting Restatement (Second) of Torts § 550 (1976)). Under this definition, it is clear that the Plaintiffs' claim should immediately fail because the Plaintiffs and the Defendants were never parties to the same transaction; rather, the Plaintiffs bought their RV from a third party with the Refrigerator made by the Defendants already installed. (Doc. 1-3 at 41−42); see also *Sullivan v. Pulte Home Corp.*, 290 P.3d 446, 454−55 (Ariz. Ct. App. 2012) (affirming dismissal of a fraudulent concealment claim by a subsequent home buyer against the original builder because "being a party to a transaction is a necessary element of a fraudulent concealment claim"), vacated in part on other grounds, 306 P.3d 1 (Ariz. 2013).

The District of Arizona has also consistently applied the fraudulent concealment elements stated in *Coleman v. Watts*, 87 F. Supp. 2d 944 (D. Ariz. 1998)—which does not include a transactional requirement.  Both the *Wells Fargo* and *Coleman* cases involved common law fraudulent concealment claims in Arizona.  However, since the Court is hearing this case on diversity jurisdiction and thereby applying state law, decisions of the Arizona Supreme Court—such as *Wells Fargo*—are more authoritative than the case law of this District—such as *Coleman*. See *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938).  In addition, *Coleman* is older case law than *Wells Fargo* and borrowed its elements for fraudulent concealment from a much older case in Colorado. *Coleman*, 87 F. Supp. 2d at 951 (citing *Morrison v. Goodspeed*, 68 P.2d 458 (Colo. 1937)).  Accordingly, because the Complaint fails to allege that the Plaintiffs were party to a transaction with the Defendants,

the Motion will be granted on the Plaintiffs' fraudulent concealment claim.

### B. <u>Dismissal of the Complaint Under FRCP 8</u>

FRCP 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, FRCP 8(d)(1) states, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). When a complaint violates FRCP 8, it can be dismissed under FRCP 41(b). *Hearns v. San Bernadino Police Dep't*, 530 F.3d 1124, 1137 (9th Cir. 2008). Dismissal of a complaint under FRCP 8 is appropriate when "the complaint is so 'verbose, confused, and redundant that its true substance, if any, is well disguised.'" *Gillibeau v. Richmond*, 417 F.2d 426, 431 (9th Cir. 1969) (quoting *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965)). Ordinarily, "verbosity or length is not by itself a basis for dismissing a complaint . . . ." *Hearns*, 530 F.3d at 1131. Rather, FRCP 8 is "violated by a pleading that [is] needlessly long, or a complaint that [is] highly repetitious, or confused, or consist[s] of incomprehensible rambling." *Cafasso v. Gen Dynamics C4 Sys.*, 637 F.3d 1047, 1059 (9th Cir. 2011).

When a complaint is intelligible and adequately gives notice of the claims being made, it should not be dismissed under FRCP 8. For example, in *Hearns*, the plaintiff filed a sixty-eight-page complaint alleging race-based discrimination and retaliation by his employer. *Hearns*, 530 F.3d at 1127. The complaint included forty-two pages of "Factual Background" and twenty-two pages alleging the plaintiff's specific claims. *Id*. at 1130. The U.S. Court of Appeals for the Ninth Circuit held that the district court abused its discretion by dismissing the complaint under FRCP 8. *Id*. at 1132. The Ninth Circuit reasoned that, even though the complaint contained excessive detail, it was "logically organized," it was "intelligible," and it "clearly delineate[d] the claims." *Id*. Moreover, in *Hearns*, the Ninth Circuit concluded that, even if the complaint did contain excessive factual detail, the district court should have considered less drastic alternatives to dismissal— such as striking irrelevant paragraphs—rather than dismissing the complaint altogether. *Id*.

In this case, the Plaintiffs' Complaint, though lengthy, is divided into logical sections

and subsections detailing the facts that give rise to their claims. Unlike the complaints in the cases on which the Defendants' argument relies, the Complaint is not "argumentative, prolix, replete with redundancy, and largely irrelevant" or "confusing and conclusory." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985). Rather, the Plaintiffs' Complaint describes with clarity and detail the alleged technical deficiencies of the Defendants' refrigerators and the ways in which the Defendants allegedly ignored and covered up those deficiencies. Accordingly, the Motion will be denied as to the dismissal of the Complaint pursuant to FRCP 8.

## C. <u>Defendants' Motion to Strike</u>

FRCP 12(f) allows a court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). However, motions to strike are disfavored and "will usually be denied unless the allegations in the pleading have no possible relation to the controversy, and may cause prejudice to one of the parties." *TriQuint Semiconductor, Inc. v. Avago Techs. Ltd.*, 2010 WL 3034880, at 3 (D. Ariz. Aug. 3, 2010). A motion to strike "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991). When ruling on a motion to strike, "the court should view the pleading in the light most favorable to the nonmoving party." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004).

The Motion highlights several specific portions of the Complaint that the Defendants argue are irrelevant. (Doc. 5 at 5−6) "'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question," while, "'[i]mmaterial' matter is that which has no essential or important relationship to the claim for relief . . . ." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994).

The Defendants first argue that Paragraphs 4 and 5 of the Complaint contain wrong and superfluous statements. (Doc. 5 at 5)  Paragraph 4 states in part, "The Fire is not the first fire caused by the Norcold Defendants' defective gas absorption refrigerators – nor the 100th – nor even the first 1,000th. . . . The Norcold Defendants' gas absorption refrigerators are - simply put - the most dangerous consumer product nobody has ever heard of." (Doc. 1-3 at 3)  Paragraph 5 states in part, "The fact that the risks and dangers inherent in the Norcold Defendants' products have remained a secret to consumers, federal regulators and the general public is no fluke. Rather, it is the byproduct of a culture of denial and deceit that permeates every level of the Norcold Defendant's organization." (Doc. 1-3 at 3)  The Court finds that these statements pertain to the issues before the Court and have a relationship to the Plaintiffs' claims.  While these statements may be argumentative, that is not a basis to strike enumerated by FRCP 12(f). See also *Fleshman v. Wells Fargo Bank, N.A.*, 2015 WL 4488163, at 15 (D. Or. July 23, 2015) ("Even if I assume that the paragraphs Defendant objects to fall within the purview of Rule 12(f) and are subject to being stricken, I would exercise my discretion in favor of not striking them. . . . [W]hile they may be immaterial or argumentative, they do not alter the litigation in any significant way."). Therefore, the Court will not strike Paragraphs 4 or 5 of the Complaint.

The Defendants next argue that Paragraphs 37−44 and Paragraph 48 of the Complaint are irrelevant because they discuss studies commissioned and incident reports received by the Defendants regarding the safety of their refrigerators. (Doc. 5 at 5−6)  The Defendants argue that these allegations are unrelated to the Plaintiffs' claims. (Doc. 5 at 5) The Court finds that this argument is without merit.  As just one example of the materiality of these allegations, in a product liability negligence claim, "the inquiry focuses on the reasonableness of the manufacturer's choice of design in light of the knowledge available at the time of manufacture." *Dart v. Wiebe Mfg.*, 709 P.2d 876, 881−82 (Ariz. 1985).  Thus, allegations as to what the Defendants knew about the safety of their refrigerators and allegations of defects are relevant to the Plaintiffs' claims.

Paragraph 41 describes a particular fire in the RV of Randy and Brenda Rutz,

allegedly caused by a refrigerator produced and sold by the Defendants. (Doc. 1-3 at 21−22) The Complaint details the death of Mr. Rutz and the severe injuries sustained by Ms. Rutz as a result of the fire. (Doc. 1-3 at 21−22)  Given that this is the only fire incident described in detail in the Complaint other than the Plaintiffs' own fire, it is clear to the Court that the Plaintiffs included these facts to elicit sympathy rather than to advance any particular claim. There is some risk that the facts of the Rutz fire could prejudice the Defendants.  On the other hand, the Court does not find that the facts have no possible relation to the Plaintiffs' claims, and the inclusion of these facts in the Complaint is unlikely to have a significant impact on litigation at this point.  Therefore, for the purpose of the Motion and in light of the FRCP 12(f) standard, the Court finds that Paragraph 41 should not be stricken from the Complaint.

Finally, the Defendants argue that Figures 3 and 4 of the Complaint are irrelevant because they show components of the Defendants' products that did not belong to the Plaintiffs. (Doc. 5 at 6)  Figure 3 shows corrosion pitting and a crack in a boiler tube in one of the Defendants' refrigerators that allegedly caused a fire, and Figure 4 shows a safety fuse in one of the Defendants' refrigerators that allegedly did not function properly to prevent a fire. (Doc. 1-3 at 15, 17)  The photographs are related to the issues in the case as they are illustrative of the alleged design defects in the Defendants' products.  Therefore, motion to strike will be denied.

Accordingly,

**IT IS ORDERED** that the Defendants' Motion to Dismiss Fraudulent Concealment Claim and to Dismiss Complaint Pursuant to Rule 8, or Alternatively, Motion to Strike (Doc. 5) is **granted in part** as it applies to the Plaintiffs' fraudulent concealment claim (Count VII); and

///

///

///

///

**IT IS FURTHER ORDERED** that the remainder of the Defendants' Motion to Dismiss Fraudulent Concealment Claim and to Dismiss Complaint Pursuant to Rule 8, or Alternatively, Motion to Strike (Doc. 5) is **denied**.

Dated this 5th day of August, 2019.

Honorable Steven P. Logan
United States District Judge