WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Suzanne Hale, et al., | No. CV-18-03597-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| Norcold Incorporated, et al., | |
| Defendants. | |

Pending before the Court is the parties' request to modify the scheduling order. Preliminarily the Court notes that this case has been pending in federal court since October 30, 2018. What is clear from the parties proposed modifications to the scheduling order is that the parties have not dedicated sufficient resources to this particular case given the volume of discovery they claim is still outstanding almost eighteen months into the case.

By way of example, the parties state: "MIDP responses were previously exchanged. Notwithstanding, Plaintiffs and Defendants agree to extend the MIDP disclosure deadline, to allow supplemental disclosures, until Friday June 19, 2020 with the understanding that the parties will have until Friday September 18, 2020 to review any such disclosures and make any necessary objections." (Doc. 103 at 2). This request is stunningly inconsistent with the requirements of the MIDP Order.

Specifically, the MIDP Order generally requires that all MIDP responses must be served within 30 days of a responsive pleading being filed. (Doc. 3 at 3, ¶ 6). In this case, the parties filed their initial MIDP responses on January 9, 2019. (Docs. 20, 21). The

MIDP Order requires any supplements to the initial MIDP responses to be served at a minimum no later than 30 days from when the information is discovered or revealed. (Doc. 3 at 3, ¶ 8).

Here, the parties seek to supplement up to June 19, 2020, yet 100% of the information currently known to each party was required to be disclosed within 30 days of discovery of the information. And to the extent this information was known, or knowable, at the outset of this case, it was required to be disclosed with the *initial* responses on January 9, 2019. While the Court recognizes that this 30-day deadline is a quick turnaround, seventeen months is not, which is how long this case has been pending. Thus, by now all discovery mandated by the MIDP should be completed except for newly discovered and previously undiscoverable information. As a result, the Court is disappointed by the parties' suggestion that they need 3 more months to complete something that was due January 9, 2019.[1]

Accordingly, the parties are cautioned that if they do not have to resources to diligently pursue discovery in this case, they must associate counsel as necessary to help them. Against this backdrop, the Court will set deadlines for completing discovery in this case. The parties are cautioned that these deadlines are firm, and that any discovery not completed within these deadlines will be deemed waived.[2]

Accordingly,

**IT IS ORDERED** that the deadline for completing MIDP discovery responses is May 22, 2020.

---

[1] Indeed, Judge Logan's scheduling order is consistent with the expectation that by the time the parties began discovery, the MIDP initial responses had already been completed: "Following service of MIDP Responses, broader discovery under Federal Rules of Civil Procedure 26, 30, 31, 33, 34, 36, and 45 may commence." (Doc. 26 at 2).

[2] The Court notes that this case is being litigated during extraordinary circumstances due to COVID-19. Thus, if the parties can show that a continuance is necessitated solely due to a disruption in business based on COVID-19 they make seek a continue not to exceed thirty days (and if multiple continuances are sought, they must be in no more than thirty-day increments). Any such motion must specify what particular disruption caused the need for the continuance. Any proposed form of Order must list specific new dates for each deadline sought to be extended and cannot just say "thirty days."

**IT IS FURTHER ORDERED** that any "objections" to the MIDP responses must be made sufficiently in advance of the close of discovery to allow for the Court to rule on a discovery dispute and order supplementation, if necessary, before the close of discovery.

**IT IS FURTHER ORDERED** that final supplementation (of newly discovered or revealed information) of the MIDP responses is due within thirty days of discovery of the information or by the deadline for completion of discovery set below (as stated in the MIDP Order (Doc. 3 at 6, ¶ 8)), whichever is sooner.

**IT IS FURTHER ORDERED** the deadline to amend the pleadings is expired and is not extended.

**IT IS FURTHER ORDERED** that the deadline to complete all discovery is September 11, 2020.[3]

**IT IS FURTHER ORDERED** that any discovery disputes must be brought to the Court by September 1, 2020 (if a party does not propound written discovery sufficiently in advance of this deadline to review the responses and bring a discovery dispute by this deadline, the party waives the right to bring a discovery dispute with respect to those particular responses).

**IT IS FURTHER ORDERED** that the deadlines to submit initial expert reports and responsive expert reports has expired and is not extended (Doc. 103 at 4, lines 19-26). The deadline for submitting rebuttal expert reports is May 29, 2020.[4]

**IT IS FURTHER ORDERED** that production of the incident files pursuant to the Court's January 7, 2020 Order must be completed by April 15, 2020.

**IT IS FURTHER ORDERED** that dispositive motions and *Daubert* motions are due by October 13, 2020.

**IT IS FINALLY ORDERED** that the request for a discovery master is denied. For all future discovery disputes the parties must follow this Court's discovery dispute

---

[3] This includes all fact and expert discovery, including all written discovery and any depositions.

[4] As indicated in footnote 3, the Court will not set a separate deadline to complete expert depositions. If a parties' expert cannot make himself/herself available within this deadline, the expert will be precluded.

procedure. Specifically,

    a.    In the course of written discovery, if a discovery dispute arises and cannot be resolved despite sincere efforts to resolve the matter through personal consultation (in person or by telephone), the parties shall jointly file: (1) a joint motion containing a written summary of the dispute, not to exceed three pages, with explanation of the position taken by each party, and (2) a joint written certification that counsel or the parties have attempted to resolve the matter through personal consultation and sincere efforts as required by Local Rule of Civil Procedure 7.2(j). If the opposing party has refused to personally consult, the party seeking relief shall describe the efforts made to obtain personal consultation. Upon review of the joint motion, the Court may set a telephonic conference or in-person proceeding, order supplemental briefing, or decide the dispute by relying on the joint motion.

    b.    If a discovery dispute arises in the course of a deposition and requires an immediate ruling of the Court, the parties shall jointly telephone the Court to request a telephone conference regarding the dispute.

    c.    Delay in presenting discovery disputes for resolution is not a basis for extending discovery deadlines.

Dated this 18th day of March, 2020.

_____
Michael T. Liburdi
United States District Judge